UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PAUL GANTT, EDNA GANTT,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DIRECTOR OF FBI,<br><br>　　　　Defendant. | CIV. NO. 24-00117 LEK-WRP |

### ORDER: DISMISSING PLAINTIFFS' COMPLAINT FOR A CIVIL CASE; GRANTING PLAINTIFFS' LEAVE TO FILE AN AMENDED COMPLAINT; AND RESERVING RULING ON THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On March 8, 2022, pro se Plaintiffs Paul Gantt and Edna Gantt (collectively "Plaintiffs") filed their Complaint for a Civil Case ("Complaint") against the Director of the Federal Bureau of Investigation ("FBI" and "Defendant"). [Dkt. no. 1.] On March 19, 2024, Plaintiffs filed their Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 5.] For the reasons set forth below, the Complaint is dismissed without prejudice, and the Court will reserve ruling on the Application. In other words, Plaintiffs will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and the Court will rule on the Application if any portion of the amended complaint survives the screening process. Plaintiffs' amended complaint must be filed by **July 15, 2024.**

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

2

>   curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
>   Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

3

**DISCUSSION**

I.   **Screening of the Complaint**

Plaintiffs' Complaint fails to state claims upon which relief may be granted. The Complaint does not allege sufficient factual detail to demonstrate that Plaintiffs are entitled to relief. The only allegations that directly describe the instant case are: "The Gantt's resolution for wrongful foreclosure that the FBI could have stop!" [Complaint at PageID.1 (emphasis omitted).] Following this, Plaintiffs include documents apparently in support of the Complaint, which include: an apparent letter to the Fifth Circuit Court of the State of Hawai`i, dated July 25, 2023 regarding the wrongful foreclosure of the Gantt's property; a letter dated May 10, 2021 to Paul H. Gantt from United States Senator Mazie Hirono's office regarding Mr. Gantt's claim alleging fraud in the refinancing of his mortgage and the wrongfully foreclosure of his property; and excerpts from what appears to be a United States government website titled "Financial Institution/Mortgage Fraud," detailing the FBI's role in combatting such fraud. [Id. at PageID.2-6.]

While the Court is obligated to liberally construe Plaintiffs' Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Plaintiffs must still follow all applicable rules, including the Federal Rules of Civil Procedure. See King

v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).[2] Plaintiffs failed to plead "a short and plain statement" of their claims as required by Federal Rule of Civil Procedure 8(a)(2). Rule 8(a) provides "[a] pleading that states a claim for relief must contain:"

> (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under Rule 8, a complaint should "set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiffs are far from meeting this standard. It is unclear what relief Plaintiffs are requesting, and under what theory they are proceeding. The Complaint must be dismissed on this basis.

The Complaint is dismissed for the additional reason that Plaintiffs fail to state a claim upon which relief may be

---

[2] King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc). See, e.g., Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *3 (D. Hawai`i Feb. 25, 2019).

granted. See Lopez, 203 F.3d at 1126-27. Even liberally construing the Complaint, it is unclear what claims Plaintiffs are alleging. The Court cannot evaluate whether Plaintiffs state any claims for relief.

Finally, to the extent that Plaintiffs allege a claim against the Director of the FBI in the director's official capacity, a claim against a federal official in their official capacity is barred by the doctrine of sovereign immunity, absent waiver of sovereign immunity. Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). Because there are no allegations that the United States has waived its sovereign immunity, the Court lacks subject matter jurisdiction over an official-capacity claim against the Director of the FBI. See Balser v. Dep't of Just., Off. of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003); Piedvache v. Ige, Civil No. 16-00138 DKW-RLP, 2016 WL 6516826, at *3-4 (D. Hawai`i Nov. 2, 2016) (dismissing claims against the federal defendants with prejudice due to the federal defendants' immunity).

For these reasons, the Complaint is dismissed. However, because it is arguably possible for Plaintiffs to cure the defects in the Complaint, the dismissal must be without prejudice – in other words, with leave to amend. See Lucas, 66 F.3d at 248.

If Plaintiffs so choose, Plaintiffs may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. To do so, Plaintiffs' amended complaint must explain: (1) the specific basis for federal jurisdiction; (2) the constitutional, statutory, or other legal rights Plaintiffs believe were violated; (3) Defendant's precise actions or inactions; (4) when Defendant acted or failed to act; (5) how Defendant's actions or inactions are connected to the alleged violations of Plaintiffs' rights; and (6) the specific injuries that Plaintiffs allegedly suffered as a result of Defendant's conduct.

Further, Paul Gantt signed both the Complaint and the Application on behalf of both Plaintiffs. Paul Gantt cannot act on behalf of Edna Gannt, unless he is a licensed attorney admitted to practice law in this district court. An individual proceeding pro se may not proceed on behalf of another. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." (citations omitted)); see also Local Rule LR81.1(a) ("Those proceeding without an attorney, i.e., 'pro se' or 'in propria persona,' must appear personally on behalf of themselves only[.]").

Plaintiffs' amended complaint must include all of the claims that Plaintiffs wish to allege, and all of the allegations that Plaintiffs' claims are based upon. Plaintiffs cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the original Complaint. Nor may Plaintiffs refer to documents or exhibits that were previously filed. Plaintiffs are cautioned that, if they fail to file an amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, Plaintiffs' claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiffs would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

## II. **Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. The Court will therefore reserve ruling on the Application until Plaintiffs file an amended complaint. If any portion of Plaintiffs' amended complaint survives the screening process, the Court will then rule upon the Application and address whether Plaintiffs are entitled to proceed without prepaying fees and costs.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Complaint for a Civil Case, filed March 8, 2024, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing an amended complaint that cures the defects identified in this Order. Plaintiffs are GRANTED leave to file an amended complaint by **July 15, 2024.** The amended complaint must comply with the terms of this Order. Plaintiffs are CAUTIONED that, if an amended complaint is not filed by **July 15, 2024,** the Complaint will be dismissed with prejudice on **July 16, 2024**.

In addition, the Court RESERVES RULING on Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 19, 2024. If Plaintiffs choose to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 14, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

PAUL GANTT, ET AL. VS. DIRECTOR OF FBI; CV 24-00117 LEK-WRP; ORDER: DISMISSING PLAINTIFFS' COMPLAINT FOR A CIVIL CASE; GRANTING PLAINTIFFS' LEAVE TO FILE AN AMENDED COMPLAINT; AND RESERVING RULING ON THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS