UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| PAUL GANTT, EDNA GANTT, | CIV. NO. 24-00117 LEK-WRP |
|---|---|
| Plaintiffs, | |
| vs. | |
| DIRECTOR OF FBI, | |
| Defendant. | |

### ORDER DISMISSING CASE WITH PREJUDICE

On March 8, 2024, pro se Plaintiffs Paul Gantt and Edna Gantt (collectively "Plaintiffs") filed their Complaint for a Civil Case ("Complaint") against the Director of the Federal Bureau of Investigation ("Defendant"). [Dkt. no. 1.] On March 19, 2024, Plaintiffs filed their Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 5.] On May 14, 2024, the Court issued an order dismissing Plaintiffs' Complaint with leave to amend, and reserving ruling on the Application. [Dkt. no. 4.[1]] The deadline for Plaintiffs to file an amended complaint was July 15, 2024. [Id. at 9.]

As of the date of this Order, Plaintiffs have neither filed an amended complaint nor requested an extension of the filing deadline. Because Plaintiffs have not identified any

---

[1] The order is also available at 2024 WL 2214558.

circumstance which constitutes good cause warranting an extension of the January 22, 2024 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)),[2] *superseded by statute on other grounds as recognized in* Russel v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citation and internal quotation marks omitted).

strongly outweigh the policy favoring disposition of Plaintiffs' claims on the merits. Moreover, Defendant will not be prejudiced by the dismissal because Plaintiffs did not serve the Complaint, and there are no less drastic alternatives available at this time.

The claims in Plaintiffs' Complaint, which the Court previously dismissed without prejudice, are HEREBY DISMISSED WITH PREJUDICE. The Court DIRECTS the Clerk's Office to enter final judgment and close the case on **August 6, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PAUL GANTT, ET AL. VS. DIRECTOR OF FBI; CV 24-00117 LEK-WRP; ORDER DISMISSING CASE WITH PREJUDICE**